GARY M. RESTAINO
United States Attorney
District of Arizona

COLEEN SCHOCH
Assistant U.S. Attorney
Georgia Bar No. 366545
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: coleen.schoch@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Chris Oliver,<br><br>　　　　　　　Defendant. | No. CR-21-00600-PHX-DLR-1<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT** |

The PSR correctly applies a base offense level of 12 pursuant to U.S.S.G. § 2K2.1(a)(7), and correctly adds 8 levels under § 2k2.1(b)(1)(D) because Defendant's offense involved at least 123 firearms, 3 levels under § 3B1.1(b) for Defendant's role as a manager or supervisor, and 4 levels under § 2k2.1(b)(6)(A) because Defendant possessed ammunition while attempting to leave the United States. The United States opposes Defendant's objection this third increase. A preponderance of evidence establishes that Defendant possessed ammunition while attempting to leave the United States during the commission of his offense of conviction. The ammunition was found in Defendant's car, when Defendant was driving it, and Defendant admitted to U.S. Customs and Border Protection (CBP) officers that the ammunition was his. Subsection (b)(6)(A) applies on its face, and the Court should overrule Defendant's objection.

**LEGAL STANDARD**

When resolving disputes over sentencing factors, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'" U.S.S.G. § 6A1.3. Facts relevant to sentencing must generally be proven by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 156 (1997) (citing U.S.S.G. § 6A1.3, Commentary). Only in cases where a sentencing factor has "an extremely disproportionate effect" on the sentence relative to the offense of conviction might a "clear and convincing" standard of proof apply. *United States v. Jordan*, 256 F.3d 922, 934 (9th Cir. 2001) (citing *United States v. Restrepo*, 946 F.2d 654, 659 (9th Cir. 1991) (en banc)). For the reasons explained below, this is not one of those cases.

While the analysis is one of the "totality of the circumstances," the Ninth Circuit has identified six non-exclusive factors to assist the Court in determining whether a sentencing factor has a disproportionate effect on a Guidelines sentence. *United States v. Jordan*, 256 F.3d 922, 928 (9th Cir. 2001) (citing *United States v. Valensia*, 222 F.3d 1173, 1181 (9th Cir. 2000), cert. granted, judgment vacated, and remanded by 532 U.S. 901 (2001)). These factors include: "(1) whether 'the enhanced sentence fall[s] within the maximum sentence for the crime alleged in the indictment;' (2) whether 'the enhanced sentence negate[s] the presumption of innocence or the prosecution's burden of proof for the crime alleged in the indictment;' (3) whether 'the facts offered in support of the enhancement create new offenses requiring separate punishment;' (4) whether 'the increase in sentence [is] based on the extent of a conspiracy;' (5) whether 'the increase in the number of offense levels [is] less than or equal to four;' and (6) whether 'the length of the enhanced sentence more than double[s] the length of the sentence authorized by the initial sentencing guideline range in a case where the defendant would otherwise have received a relatively short sentence.'" *Id.* (citing *Valensia*, 222 F.3d at 1181) (alterations in *Jordan*).

Here, factors one, five, and six favor the application of the specific offense characteristic because it results in an increase of four, does not more than double

Defendant's Guidelines sentence, and the resulting sentence falls within the five-year maximum sentence for Defendant's offense. Factors two, three, and four also favor the United States because whether Defendant possessed ammunition while attempting to leave the United States does not negate the presumption of innocence for the crimes alleged in the indictment, does not require separate punishment, and is not based on the extent of a conspiracy. *See United States v. Johansson*, 249 F.3d 848, 854–55 (9th Cir. 2001).

The Court should apply the preponderance of the evidence standard. This conclusion would align it with several decisions in which the Ninth Circuit has concluded that a factor that increases an offense level by four and does not more than double the Guidelines sentence is not one to which the clear and convincing standard should apply. *See e.g.*, *Valensia*, 222 F.3d at 1181–83 (two two-level enhancements with a combined four-level increase did not have a disproportionate effect); *United States v. Johansson*, 249 F.3d 848, 856–57 (9th Cir. 2001) (affirming "preponderance" standard for a four-level enhancement which did not more than double the applicable range).

**ARGUMENT**

Defendant possessed ammunition while attempting to leave the United States during the commission of his offense of conviction. The ammunition was found in Defendant's car, when Defendant was driving it, and Defendant admitted to CBP Officers that the ammunition (as well as the pistol stock that was found by CBP) were his. Subsection (b)(6)(A) applies on its face, and the Court should overrule Defendant's objection.

**A.     Location and Circumstances of Defendant's Possession of Ammunition**

On March 11, 2021, Defendant attempted to enter Mexico from Arizona with two passengers. Defendant was driving a 2017 Ford Fusion with an Arizona license plate that was registered to Defendant and his mother. Defendant's vehicle was stopped by Mexico Customs Officers. Mexico Customs Officers found one round of ammunition in the vehicle. Because of the ammunition, they directed Defendant's vehicle to return to the United States. Upon reentry to the United States, Defendant's vehicle was sent to secondary inspection at the Lukeville Point of Entry. CBP Officers found that Defendant was also in

possession of a Hogue automatic pistol stock. Defendant admitted that the ammunition belonged to him, and he had forgotten about it. He told CBP Officers he had been at the range and thought the car was clear of all ammunition but must have missed a round.

Among myriad other counts, Defendant was charged with dealing in firearms without a license from July 9, 2019 through November 11, 2020. Superseding Indictment 4 (Doc. 41). He pled guilty to this charge pursuant to a plea agreement. Plea Agm't 6 (Doc. 57). Defendant possessed ammunition while attempting to leave the United States on March 11, 2020—a date that is indisputably during the commission of Defendant's offense of conviction. Defendant personally purchased firearms that he sold for profit on dates surrounding his attempted crossing into Mexico (on February 28 and March 15, 2020).

Defendant does not dispute any of these facts. *See* Def.'s Obj. 1–3 (Doc. 87). These facts demonstrate by a preponderance of the evidence that Defendant possessed ammunition while attempting to leave the United States during the commission of his offense of conviction.

### B.   Subsection (b)(6)(A) Does Not Contain a Mens Rea Requirement

Defendant asserts that there is no evidence that Defendant's possession of ammunition while attempting to leave the United States was "knowing." Def.'s Obj. 1–2. The United States objects to the insertion of the word "knowing" into the relevant language of Subsection (b)(6)(A), which does not include a *mens rea* for possession while attempting to leave the United States. By its plain language, this subsection imposes a form of "strict liability" on those who "possess[] any . . . ammunition while leaving or attempting to leave the United States." U.S.S.G § 2K2.1(b)(6)(A). The conduct described in the Guidelines immediately following does include a mens rea. Therefore, had the Sentencing Commission wished to include one, it knew how. But it did not so choose, and the Court should apply Subsection (b)(6)(A) as it is written.

When returning to the United States, Defendant admitted to CBP officers that the ammunition was his and he had forgotten about it. Defendant had "constructive" possession of the ammunition because Defendant owned the ammunition, and it was found in the car

registered to Defendant when he attempted to drive it into Mexico. "A person has constructive possession when he or she knowingly holds ownership, dominion, or control over the object and the premises where it is found." *United States v. Lott,* 310 F.3d 1231, 1247 (10th Cir. 2002) (internal quotation marks omitted); *see also United States v. Saddler,* 538 F.3d 879, 888 (8th Cir. 2008). The government can prove constructive possession using circumstantial evidence alone. *United States v. Bernard,* 48 F.3d 427, 430 (9th Cir. 1995). The circumstances here are sufficient to establish Defendant's constructive possession and are corroborated by Defendant's admission that the ammunition was his. Defendant's arguments about DNA testing and the precise location of the ammunition inside the car, Def.'s Obj. 2, are all irrelevant because Defendant already admitted that that the ammunition belonged to him.

### C. The Application Notes Do Not Limit Subsection (b)(6)(A)

Although it could have, the Sentencing Commission did not limit the application of Subsection (b)(6)(A) to situations in which the ammunition possessed bears a particular relationship to the offense of conviction. The Commission chose to so limit the application of Subsections (b)(6)(B) and (c)(1) by directing the Court to consider a variety of different factors in Application Note 14(A)–(E), when applying those subsections. It did *not* do so with respect to Subsection (b)(6)(A), despite the ease with which it could have done so. Therefore, the Court's application of Subsection (b)(6)(A) should be guided only by relevant conduct principles in U.S.S.G § 1B1.3(a)(1)–(4), and its accompanying commentary.

Section 1B1.3 directs that "specific offense characteristics" provided for in Chapter 2 of the Guidelines include "all acts and omissions committed" by the defendant "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G § 1B1.3(a)(1)(A). As discussed above, Defendant's act of possessing ammunition while attempting to leave the United States took place on March 11, 2020. This date is indisputably during the commission of Defendant's offense of conviction: Defendant

admitted to dealing in firearms without a license from July 9, 2019 to November 11, 2020. The United States has located no case law indicating that this subsection does not apply or should not be applied under these circumstances.

The Court should add four levels to Defendant's offense level under Subsection (b)(6)(A) because Defendant possessed ammunition while attempting to leave the United States during the commission of his offense of conviction. The ammunition was found in Defendant's car, when Defendant was driving it, and Defendant admitted to CBP officers that the ammunition (as well as the pistol stock that was found by CBP) were his.

## CONCLUSION

The Court should overrule Defendant's objection to a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(6)(A). The preponderance of the evidence shows that Defendant possessed ammunition while attempting to leave the United States during the commission of his offense of conviction. The ammunition was found in Defendant's car, which Defendant was driving, and Defendant admitted to CBP Officers that the ammunition was his. Subsection (b)(6)(A) applies on its face.

Respectfully submitted this 6th day of October, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Coleen Schoch*
COLEEN SCHOCH
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Aaron J. Reed
*Attorney for Defendant*

*s/ C. Schoch*
U.S. Attorney's Office