Aaron J. Reed (SBN: 033120)
**RYAN GARVEY ATTORNEYS, PLC**
Attorneys At Law
2111 E. Highland Ave., Suite 135B
Phoenix, Arizona 85016
Telephone: (602) 296-3434
Aaron@RyanGarveyAttorneys.com
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No.: 2:21-CR00600-PHX-DLR(DMF) |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Chris Oliver, | |
| Defendant. | (Sentencing set: October 17, 2022) |

**COMES NOW**, Defendant, CHRIS OLIVER, by and through undersigned Counsel, Aaron J. Reed, Esq., hereby files this Sentencing Memorandum for the Sentencing Hearing set for October 17, 2022, before the Honorable Douglas L. Rayes.

The facts of this case were discussed in the Pre-Sentence Report Draft ("PSR") [Doc. 83], the Defendant's Objections to the PSR [Doc. 87], the Government's Response [Doc. 93] and the Final PSR [Doc. 94] and the facts from those respective documents are incorporated herein. Counsel has discussed the sentencing chart with Mr. Oliver, as well as the calculations contained in the PSR and Mr. Oliver is not in agreement with the total offense level listed in the PSR due to an unnecessary four (4) level increase pursuant to USSG § 2K2.1(b)(6)(A). Mr. Oliver is in agreement with the remaining calculations as well as his criminal history score and other person information contained in the PSR.

Counsel is respectfully requesting that this Court follow the terms and conditions outlined in the plea agreement and sentence Mr. Oliver to 33 months in the Bureau of Prisons under offense level 20. The 33 month sentence is in line with the plea agreement; matches up with the facts of this case and also is squarely within the Court's discretion.

///

**I.      18 U.S.C. § 3553 FACTORS**

When imposing a sentence, the Court will look to the factors listed in 18 U.S.C. 3553 to determine the appropriate sentence with all of the information taken into consideration. In this case, the factors listed in section 3553, clearly support the above requested sentence of 33 months and an offender level of 20.

      *A.   Nature and Circumstances of the Offense and Characteristics of the Defendant*

While this case did involve over 100 different handguns, Mr. Oliver did not harm anyone during the commission of this offense. His decision making was not great, and he as accepted full responsibility for his role in this offense, however, this offense is transactional in nature and a sentence above level 20 would not support the crime that was committed.

Furthermore, Mr. Oliver has no felony criminal history of any kind. This will be his first time in prison for either a federal offense or state offense.

      *B.   The Need For the Sentence Imposed*

This is a four-part factor. A sentence of 33 months under the Guidelines checks all four parts of this factor. First, a stint in prison for a person who has never been to prison is a powerful punishment. Mr. Oliver has already served over 15 months in jail on this case for a first time offender. Additional time in the Bureau of Prisons will help deter Mr. Oliver upon his release by offering him time to complete training in BOP so that he does not commit additional crimes down the road. Mr. Oliver is young, and a 33 months sentence is the correct sentence for the facts of this case and Mr. Oliver's lack of felony criminal history.

      *C.   The Kind of Sentences Available*

In this case, the terms of the plea agreement are that Mr. Oliver is to be sentenced to the low level of the final adjusted offense level. In this case, the final adjusted level has yet to be determined, however, based on the PSR, Defense Objections to the PSR, and the Government's Response, the final adjusted level will either be 20 or 24. This means that under the plea, the Court can sentence Mr. Oliver to either 33 months at level 20 or 51 months at level 24. This is a large discrepancy and that discrepancy is over one round of ammunition that was found inside of Mr. Oliver's car at the border by the Mexican

///

Federal Police. The four (4) level increase does not fit the punishment for the crime, nor does it fit with the spirit of USSG § 2k2.1(b)(6(A). Therefore, the sentence that should be imposed by this court is 33 months in BOP at offense level 20.

## II.   CONCLUSION

Mr. Oliver is in this Court facing his frst ever conviction for a felony case. Mr. Olver has accepted full responsibly for his actions by entering into a plea agreement, saving the Government thousands of dollars and countless hours preparing this case for a trial. Additionally, Mr. Oliver has the fill support of his friends and family, most of which have taken the time to draft character letters supporting Mr. Oliver. Those letters have also been provided to the Government as well as the Court in a separate filing. Mr. Oliver does not deserve an additional 14 months in BOP over one round of ammunition found by an international agency that did not bother to document how it was found, where in the car the bullet was found or anything else pertaining to the search at the border. Mr. Oliver deserves a sentence of 33 months at an offense level of 20.

**RESPECTFULLY SUBMITTED** this 12th day of October, 2022.

RYAN GARVEY ATTORNEYS, PLC

BY:   /s/ Aaron J. Reed
Aaron J. Reed
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of October, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.